UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| HARRISON HARRIES, | : | |
| | : | |
| *Plaintiff*, | : | |
| | : | |
| v. | : | No. 3:21-cv-467 (JCH) |
| | : | |
| TURBINE CONTROLS, INC., | : | |
| | : | |
| *Defendant*. | : | |

ORDER ON CROSS MOTIONS TO COMPEL

For the reasons set forth in detail on the record in a hearing conducted on May 16, 2022, Plaintiff's *Motion to Compel*, ECF No. 28, is GRANTED in part and DENIED in part and Defendant's *Motion to Compel*, ECF No. 32, is GRANTED in part and DENIED in part. With respect to the portion of Plaintiff's Motion to Compel which sought to compel electronically stored information ("ESI"), the Court will hold its ruling in abeyance pending the development of further factual information regarding a potential search of an additional ESI custodian proposed by the Plaintiff. The applicable legal principles and the Court's conclusions and Order are summarized below.

I.   Plaintiff's Motion to Compel

Two issues are central to the resolution of plaintiff's motion to compel. First, defendant objects that discovery should be limited because it has alleged that plaintiff was terminated as part of a company-wide reduction in force ("RIF"). This is essentially a relevance objection. Second, defendant objects that it is precluded by statute from producing personnel information regarding other employees.

A. <u>Relevance</u>

Parties may obtain discovery regarding any non-privileged matter that is relevant to the subject matter involved in the pending litigation. Fed. R. Civ. P. 26(b)(1). The information sought does not need to be admissible at trial; it need only be reasonably calculated to lead to the discovery of admissible evidence. *Id.* In the discovery phase of a case, "[t]his obviously broad rule is liberally construed." *Daval Steel Prods. v. M/V Fakredine*, 951 F.2d 1357, 1367 (2d Cir. 1991); *see also Pal v. Cipolla*, No. 3:18-cv-616 (MPS) (TOF), 2020 WL 564230, at *7 (D. Conn. Feb. 5, 2020) (relevance is "construed broadly" in discovery); *Martino v. Nationstar Mortg. LLC*, No. 3:17-cv-1326 (KAD), 2019 WL 2238030, at *1 (D. Conn. May 23, 2019) (at discovery stage, relevance is "an extremely broad concept").

In assessing relevance, the Court is mindful of the *McDonnell Douglas* burden-shifting framework applicable to employment discrimination claims, including claims of age discrimination. First, to establish a *prima facie* case of age discrimination, plaintiff must demonstrate that he (1) was within a protected class, (2) was qualified for the position at issue; (3) was subject to an adverse employment action and (4) the adverse action occurred under circumstances giving rise to an inference of discrimination based on membership in the protected class. *See Naumovski v. Norris*, 934 F. 3d 200, 214 n. 39 (2d Cir. 2019) (setting forth the familiar framework pronounced by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)); *Graham v. Long Island R.R.*, 230 F. 3d 34, 38 (2d Cir. 2000). Once the plaintiff sets forth a *prima facie* case, the burden shifts back to the employer to "articulate some legitimate, nondiscriminatory reason for the disparate treatment." *Delaney v. Bank of Am. Corp.*, 766 F.3d 163, 168 (2d Cir. 2014). If the employer meets its burden, the plaintiff can no longer rely on the prima facie case but "must prove that the employer's proffered reason was a pretext

for discrimination." *Id.* (citation and quotation marks omitted).  To satisfy this burden in a disparate-treatment ADEA case, a plaintiff must prove that his age was a "but for" cause of his termination.  *Id.* (citing *Gorzynski v. JetBlue Airways Corp.*, 596 F.3d 93, 106 (2d Cir. 2010)).

B.  Plaintiff's Interrogatories 1, 11 and 12

Plaintiff's motion to compel presents, among other things, the following three interrogatories that are in dispute:

- In interrogatory 1, plaintiff sought to have defendant describe each and every reason for the defendant's decision to terminate his employment on or around June 12, 2020.  While defendant responded that plaintiff was terminated along with fifteen other employees as part of a COVID-19-related RIF, plaintiff seeks to compel a more specific response as to the reasons that plaintiff was selected as one of the fifteen employees to be included in the RIF.

- In interrogatory 11, plaintiff asked for information regarding performance and disciplinary history for individuals who held similar positions in the engineering department in which he was employed.  While defendant identified individuals in that department, defendant objected to providing any information relating to the performance or disciplinary history of these employees.

- As to interrogatory 12, plaintiff sought the identity of each employee included in the June 2020 RIF and an explanation of the reasons each individual was selected.  Although the defendant provided the names of the individuals and factors that were utilized in selecting individuals for layoff, defendant did not explain how those factors specifically applied to each individual selected for the RIF.

The crux of defendant's objection is that it terminated plaintiff at the same time as other employees as part of a company-wide RIF and, therefore, plaintiff is not entitled to investigate any other potential reasons for his termination.  In particular, defendant argues that it is not obligated to state its reasons for selecting plaintiff for layoff over similarly situated employees in his department, and that plaintiff is not entitled to discovery relating to the performance or disciplinary history of similarly situated employees.  *See* ECF No. 36, at 9 ("[T]he reduction in force is the reason for Mr. Harries' termination, so the job performance or qualifications of other employees are irrelevant.").

3

However, as the Second Circuit has made clear, an employer may have more than one reason for an adverse employment action, and information regarding those reasons is relevant to a plaintiff's burden at steps one and three of the *McDonnell Douglas* framework.  At step one, in order to establish a *prima facie* case of age discrimination, plaintiff must show that "the discharge occurred under circumstances giving rise to an inference of age discrimination," and this requirement applies equally in a RIF case.  *Montana v. First Fed. Sav. & Loan Ass'n of Rochester*, 869 F.2d 100, 104-05 (2d Cir. 1989).  Thereafter, although evidence of a company-wide RIF satisfies a defendant employer's burden at the second step of the *McDonnell Douglas* framework, that does not end the analysis but, rather, shifts the burden back to the plaintiff to show that the RIF was a pretext for discrimination.  *Delaney*, 766 F.3d at 168 (plaintiff failed to submit sufficient evidence in opposition to motion for summary judgment to rebut employer's assertion of RIF as legitimate, nondiscriminatory reason for termination).

For example, in another age discrimination case, the Second Circuit determined that plaintiff's evidence of ageist comments by superiors, declines in his annual bonus, and statistics indicating that a majority of the employees terminated pursuant to the RIF were older than 40 years of age was sufficient to raise a genuine issue of material fact at the summary judgment stage as to whether the employer's RIF explanation was pretextual.  *Friedman v. Swiss Re Am. Holding Corp.*, 643 F. App'x 69, 72 (2d Cir. 2016); *see also*, *e.g.*, *Gorzynski v. Jet Blue Airways. Corp.*, 596 F.3d 93, 108 (2d Cir. 2010) (in non-RIF age discrimination case, where employer asserted that plaintiff was terminated for poor performance, there was triable issue as to whether this was pretextual based on evidence that employer did not terminate similarly situated employees who were younger, and had more significant performance issues and disciplinary histories).  Simply put, "[r]ather than just take the defendant's word for it," a plaintiff claiming

4

employment discrimination is entitled to investigate whether the employer's asserted reason for an adverse employment action is pretextual, including by seeking relevant information regarding the employer's treatment of similarly situated employees. *Qamar v. Sheridan Healthcare of Connecticut, P.C.*, No. 3:18-cv-1359 (JBA), 2019 WL 3712202, at *2 (D. Conn. Aug. 7, 2019) (Spector, M.J.). Therefore, in the present circumstances, plaintiff must be able to explore whether similarly situated employees were younger, had more significant performance issues, greater disciplinary histories or met reduction in force factors to a larger degree than plaintiff, all of which has relevance to plaintiff's ultimate burdens at both the first and third steps of the *McDonnell Douglas* framework.

    C.  <u>Personnel Records</u>

Defendant also objects to production of personnel information of other employees on the grounds that it would violate the provisions of Conn. Gen. Stat. § 31-128f precluding employers from disclosing "individually identifiable information contained in the personnel file" without the employee's consent. However, the statute includes an exception permitting such disclosure "pursuant to a lawfully issued administrative summons or judicial order." Conn. Gen. Stat. § 31-128f(2); *see also Gibbs v. Am. Sch. For The Deaf*, No. 05-cv-63(MRK), 2007 WL 1079992, at *1 (D. Conn. Apr. 4, 2007) ("Judges in this District have repeatedly recognized that when personnel information . . . is necessary and relevant to a case, a court may order limited disclosure of that information consistent with the dictates of § 31-128f."). Additionally, a "Confidential" designation under the Standing Protective Order in this action may be utilized to ensure that "information implicating an individual's legitimate expectation of privacy" is handled appropriately in the context of this litigation. *See* ECF No. 4.

D.  Order Regarding Defendant's Compliance

Accordingly, the information sought by plaintiff in interrogatories 1, 11 and 12 is relevant and reasonably tailored to the age discrimination claim made by plaintiff.  Therefore, defendant is ORDERED to supplement its compliance as follows.

Interrogatory 1: State all the specific reasons why plaintiff was selected for inclusion in the June 2020 RIF, including how the three factors previously set forth by the defendant in response to interrogatory 12 applied specifically to plaintiff.

Interrogatory 11: Provide all responsive information regarding the performance and disciplinary history of each employee in the defendant's engineering department identified in paragraph 9 of the Complaint.

Interrogatory 12: Explain how the three RIF factors previously identified in response to interrogatory 12 applied to each employee included in the June 2020 RIF.

For similar reasons, documents sought by plaintiff in requests for production 10, 12, 14 and 17-19 which relate to the potential development of comparative evidence, as tailored below, are also relevant to the claims made in this case, and Connecticut law permits disclosure of such records pursuant to judicial order.  *See* Conn. Gen. Stat. § 31-128f(2).  Therefore, defendant is ORDERED to supplement its compliance as follows:

Request 10: Produce all responsive documents.

Request 12: Produce all responsive documents from the twelve months preceding Mr. McKenna's date of retirement.

Request 14: Produce all responsive documents identifying the employees selected for the June 2020 RIF and all documents related to the reasons why those employees were selected.

Requests 17-19: Produce all responsive documents relating to the performance and

disciplinary history of employees identified in paragraph 9 of the Complaint for the period from June 2015 through June 2020.

Lastly, in light of the sensitive nature of personnel records and related information subject to this Order and the privacy interests implicated by such disclosure, defendant shall designate the content of any personnel documents as "Confidential" pursuant to the Standing Protective Order, ECF No. 4, and the content of any such documents shall be subject to all limitations and conditions applicable to such a designation.

II.     Defendant's Motion to Compel

In its motion to compel, defendant contends that plaintiff has not answered interrogatories 1 through 10 in sufficient detail.  The Court finds that defendant's interrogatories 3 through 10 are frequently duplicative, and that plaintiff has answered in adequate detail.  Of course, defendant may further probe those subjects and plaintiff's answers in a deposition. Therefore, defendant's motion to compel further responses to interrogatories 3 through 10 is DENIED.

With respect to defendant's interrogatories 1 and 2, the Court agrees that plaintiff's answers lack sufficient clarity as to the time frame in which plaintiff alleges he was subject to negative comments regarding his age, the speaker, the number of occasions on which such statements were made, and the identity of any persons present when such statements were made. The Court ORDERS that Plaintiff shall provide responsive information to the best of his knowledge.  Although plaintiff objects that he cannot recall exact dates or occasions, he must, at a minimum, attempt to provide some general parameters regarding the time frame and number of occasions on which such statements were made.  Additionally, plaintiff's answers to these

interrogatories shall definitively identify any portions that he is unable to answer due to lack of present knowledge or recollection.

This is not a recommended ruling. This is an order regarding case management which is reviewable pursuant to the "clearly erroneous" statutory standard of review. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); and D. Conn. L. Civ. R. 72.2. As such, it is an order of the Court unless reversed or modified by the District Judge upon motion timely made.

**SO ORDERED**, on this 24th day of May, 2022, at Bridgeport, Connecticut.

> _/s/  S. Dave Vatti_
> Hon. S. Dave Vatti
> United States Magistrate Judge